•Mr. Justice Pkax
delivered the opinion of the court.
This suit was commenced in the court below by original bill, which states, that Sarah Blanton, late of the county of Jefferson, in the state of Mississippi, died intestate in said county in the year 1826.
That about the 27th day of November, in the yeat 1.826, a short time after the death of said Sarah Blanton, one William W. Blanton was appointed bp the orphans’ court of Jefferson comity administrator of the estate of said Sarah Blanton, and was duly qualified as such.
The bill proceeds to detail the various steps which the administrator had taken in relation to the estate, &c. &e., but they are not involved in the question here presented. All that is material is above recited.
To this bill the defendant demurred, and assigned the following causes:
1. That this court has no original jurisdiction of the subject matter set forth in the said bill of complaint, but that the same belongs to the court of probate of Jefferson county.
2. Said bill seeks to revise and correct the supposed errors and irregularities of said court of probate, which can only be done by a tribunal having appellate jurisdiction.
In art. 4, s. 18 of the revised constitution it is provided, that “A court of probate shall be established in each county of this state, with jurisdiction in all matters testamentary and of administration of orphans’ business and the allotment of dower, in cases of idiocy and lunacy, and of persons non compos mentis.”
The 16th section of the article provides, that “A separate superior court of chancery shall be established with full jurisdiction in all matters of equity.”
It has not been usual in the American constitutions when delegating original judicial power, to use terms of exclusion; for the reason, we apprehend, that the constitutional delegation of a power to one tribunal to adjudge upon particular subjects necessarily excludes those subjects, in the first instance, from the action of any other tribunal. And hence we conclude, that any tribunal, whose original jurisdiction is specified in the constitution, must *861 necessarily have, as to the matters confided to it, an exclusive jurisdiction.
The constitution proposes in the fourth article to vest the judicial power in such courts of law and equity as are therein provided for; and it particularly specifies the jurisdiction of each. In two instances, and these are in the 14th and 16th sections, there are to be found exceptions to specific jurisdiction delegated. From the introduction of these exceptions only, it is safe to conclude that none others were intended, and in all other cases the jurisdiction given is exclusive. Upon any other construction of the constitution, the specific jurisdiction of the several courts would be entirely nugatory. Implication would destroy their definite character, each adjudication would mingle with another until the constitutional boundaries would be effectually destroyed.
But again; if the jurisdiction of the court of chancery be an exclusive jurisdiction, except as to certain matters specified in the constitution, which is admitted by all, then we conclude that the jurisdiction of the court of probate is also exclusive, as to the matters confided to it, because the words used to vest the jurisdiction in each court are precisely the same in meaning.
As to the powers of the court of probate, they are in every respect, as ample, so far as its jurisdiction extends, as those of a court of chancery; for the reason assigned for the interposition of a court of chancery in England does not exist here, because the execution of the trust, with which the administrator stands charged, can be as effectually enforced in a court of probate as in a court of chancery.
That the court of probate has original jurisdiction none will question. Whether it be exclusive of, or concurrent with the court of chancery, the effect as it respects the present suit will be the same; from the well settled rule, that, with courts having concurrent jurisdiction, the one which first assumes jurisdiction excludes the others. Nor is the court of chancery at liberty to disregard the rule here, as it has sometimes been done in England, from the supposed inability of the spiritual courts to do entire *862 justice; because we have seen that our court of probate has ample power to do entire justice.
But if the court of chancery have concurrent jurisdiction of all matters confided to the court of probate, as is contended for, then any person wishing to proceed in that court in the administration of an estate, may apply to it in the first instance, for letters of administration, and have the whole proceeding there conducted. And so in the same manner the whole business which is now transacted in fifty-six courts of probate, might be thrown into one court of chancery. Can such a position be seriously contended for? Surely the injustice and delay which would attend such a vestment and exercise of power repels the idea. With such a mass of business, an hundred years would not suffice to complete the administration of an estate of ordinary complexity with the present organisation of the court, or any other which the ingenuity of man could devise.
The policy of our constitution like that concerted by the great Alfred, is to bring justice home to every man’s door, by the establishment of local jurisdictions, connected with the higher courts which are to correct the errors of limited and inferior ones; thus combining the convenience of the citizen with the certainty of justice; and this policy must be sustained by the judgment in the present case.
The decree of the chancellor must be reversed, the demurrer sustained, and the bill dismissed.